1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

7   THOMAS G. JONES,                          )
                                             )
8            Plaintiff,                      )      Case No.  2:11-cv-01985-GMN-CWH
                                             )
9   vs.                                      )      **ORDER**
                                             )
10  MICHAEL J. ASTRUE, COMMISSIONER          )
    OF SOCIAL SECURITY,                      )
11                                           )
                                             )
12           Defendant.                      )
    _____)

13          This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Equal

14   Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), (#23), filed on January 29, 2013.  The Court

15   also considered the parties' Stipulation for the Award and Payment of Attorney Fees (#24), filed on

16   February 12, 2013.

17                                    **BACKGROUND**

18          Plaintiff Thomas G. Jones ("Jones"), through retained counsel Linda Ziskin and Richard

19   Harris, filed a complaint on December 12, 2011 seeking judicial review of the Social Security

20   Administration's decision denying benefits.  On July 30, 2012, Jones requested that the case be

21   remanded given errors at step five, the residual functional capacity, and opinion evidence sections

22   of the Administrative Law Judge's decision.  *See* Pla.'s Mot. for Summary Judgment (#17).  On

23   October 29, 2012, the parties submitted a stipulation that this action be remanded to the

24   Commissioner of Social Security for further administrative action.  *See* Stipulation (#21).  On

25   October 30, 2012, the Court granted the Stipulation and ordered the case to be remanded for de

26   novo review of the evidence including the residual functional capacity, opinion evidence,

27   supplemental vocational expert evidence, and resolve conflicts with the occupational evidence.  *See*

28   Order (#22).  In instant motion, Jones requests attorney fees in the amount of $5,87.23 for Linda

     Ziskin and $531.54 for Richard Harris, which totals $5,618.77 as compensation for all legal

1   services in accordance with 28 U.S.C. §§ 1920 and 2412(d).  Subsequently, the parties stipulated to

2   an award of EAJA fees in the amount of $5,500 to Jones.

3                                          **DISCUSSION**

4          The EAJA provides that a prevailing party other than the United States should be awarded

5   attorney's fees and other expenses that party incurs in any civil action by or against the United

6   States "unless the court finds that the position of the United States was substantially justified or that

7   special circumstances make an award unjust . . . directs the court to approve a reasonable fee."  28

8   U.S.C. § 2412(d)(1).  A position is "substantially justified" if it has a reasonable basis in law and

9   fact.  *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *United States v. Marolf*, 277 F.3d 1156,

10  1160 (9th Cir.2002).  The court "must focus on two questions; first, whether the government was

11  substantially justified in taking its original action; and second, whether the government was

12  substantially justified in defending the validity of the action in court."  *Gutierrez v. Barnhart*, 274

13  F.3d 1255, 1259 (9th Cir.2001) (*quoting Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988)).  The

14  burden of establishing substantial justification is on the Government.  *Gutierrez*, 274 F.3d at 1258.

15         In this case, the parties stipulate that Jones be awarded attorney fees in the amount of

16  $5,500.  Therefore, the Government conceded it was not substantially justified and the Court finds

17  that Jones' fee application is granted pursuant to 28 U.S.C. § 2412(d).  The Court will now assess

18  the reasonableness of Jones's fee application.  An EAJA fee award must be reasonable.  *Sorenson*

19  *v. Mink*, 239 F.3d 1140, 1145 (9th Cir.2001).  To decide whether a fee is reasonable, the court

20  considers the hours expended, the reasonable hourly rate, and the results obtained.  *See*

21  *Commissioner, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, (1983);

22  *Atkins v. Apfel*, 154 F.3d 986 (9h Cir.1998).  Jones provided contemporaneous time records of legal

23  services for the work performed by his counsel, Richard Harris and Linda Ziskin.  *See* Pla.'s Mot.

24  #23-2 and #23-3.  The documented total time is 30.5 hours, which the Court finds reasonable.

25  Additionally, Jones' counsel obtained a positive result.  Therefore, the Court will grant Jones'

26  motion for attorney fees in the stipulated compromise settlement amount of $5,500.

27         Notably, after the Court's order for EAJA fees is issued to Jones, Defendant will consider

28  any assignment of such fees to Richard Harris.  The ability to honor any such assignment will

2

depend on whether the fees are subject to any offset allowed under the United States Department of Treasury's Offset Program.  *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-53 (2010).  Also, this award is without prejudice to the rights of Richard Haris in seeking Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), (#23) is **granted**.

**IT IS FURTHER ORDERED** that attorney fees in the amount of $5,500 be payable to Thomas Jones and delivered to Richard Harris.  If the Department of Treasury determines that Thomas Jones does not owe a federal debt, then the Government shall cause the payment of fees to be made directly to Richard Harris pursuant to the assignment executed with Plaintiff.

DATED this 25th day of March, 2013.


_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

3